UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMPSON PACIFIC CONSTRUCTION, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>AMERICAN INTERNATIONAL GROUP, INC., et al., <br><br>　　　　Defendants. | Case No. 15-cv-01091-WHO <br><br>**ORDER DENYING MOTION TO DISMISS** <br><br>Re: Dkt. No. 43 |

After I dismissed plaintiff Thompson Pacific Construction, Inc.'s ("Thompson") First Amended Complaint for failure to state a claim in this insurance coverage dispute, it brought a Second Amended Complaint ("SAC") that included more factual allegations regarding its claims against defendant AIU Insurance Company ("AIU") for breach of contract and breach of the implied covenant of good faith and fair dealing. AIU moves to dismiss the SAC, but applies a more exacting standard than is required. Thompson has cured all of the deficiencies that I identified in the First Amended Complaint. Oral argument is unnecessary, so the hearing on the motion set for September 30, 2015 is VACATED pursuant to Civil Local Rule 7-1(b).[1] Thompson's motion to dismiss and motion to strike are DENIED.

## BACKGROUND

I discussed the background in the prior Order, and incorporate it here. Thompson's claims arise from an insurance policy issued by AIU that covered entities working on a construction project for the Los Angeles Unified School District ("LAUSD"), including Thompson and its subcontractor Southern California Drywall ("SoCal"). Thompson entered into a contract with the

---

[1] I will hold a telephonic case management conference at 3:00 p.m. on September 30, 2015, or as soon thereafter as the law and motion calendar allows.

LAUSD for construction work at a school site, including an area called the Southeast Area Learning Center, and hired various subcontractors, including SoCal, to assist with this project. *See* Second Amended Complaint ("SAC") ¶ 11 (Dkt. No. 42); TIG Cross-Compl. ¶ 12 (Dkt. No. 28-1); SoCal Compl. ¶ 9 (Dkt. No. 28-3). Thompson and other LAUSD contractors were covered by a general liability insurance policy (the "TIG Policy") that was issued by TIG Insurance, with an excess insurance policy (the "AIU Policy") issued by AIU. TIG Cross-Compl. ¶¶ 7-10.

Issues arose during construction. In 2006 the LAUSD sued Thompson, who filed a cross-complaint (the "LAUSD lawsuit"). SAC ¶ 11. TIG accepted the defense of the LAUSD lawsuit on Thompson's behalf but later brought a declaratory relief action against Thompson, requesting that the court declare that it was not required to defend or indemnify Thompson in the underlying action between the LAUSD and Thompson. *Id.* ¶ 12. Thompson filed a cross-complaint against TIG and AIU ("TIG Cross-Complaint"), claiming that both had a duty to defend it in the action. *Id.* ¶ 13; *see also* TIG Cross-Compl.

The declaratory relief actions, the SoCal lawsuit, the LAUSD lawsuit, and other suits involving the LAUSD were coordinated into *In re School District Litigation*, Orange County Superior Court Case No. JCCP 4517 (the "School District Litigation). *Id.* ¶ 14. In 2012, the School District Litigation settled, TIG exhausted its policy limits, and Thompson dismissed its claims with prejudice in the TIG lawsuit. SAC ¶¶ 19-20.

Thompson alleges that it reached a settlement with SoCal in 2011. *Id.* ¶ 18. After the settlement of the School District Litigation, Thompson paid $96,400.00 to SoCal. *Id.* ¶¶ 18-21. In 2012, Thompson attempted to enter the settlement with SoCal as a judgment and to have it deemed satisfied. Dkt. No. 46-9. But SoCal argued that the settlement was unenforceable, and the parties continued litigating the case. SAC ¶ 21. Around March of 2013, SoCal asserted against Thompson additional damages that it had incurred. *Id.* ¶ 22. Thompson expended more money litigating these additional claims, and ultimately judgment was entered in favor of SoCal for $211,100.00. *Id.* ¶¶ 24-25. Thompson paid SoCal in satisfaction of the judgment on October 30, 2013. *Id.* ¶ 26.

Thompson asserts that AIU refused to indemnify it and failed to pay any of the expenses

that it incurred in litigating and satisfying the SoCal lawsuit. *Id.* ¶¶ 30-34. I dismissed Thompson's First Amended Complaint on July 8, 2015. Order (Dkt. No. 40). I rejected AIU's argument that Thompson's claims were barred by res judicata, but found that Thompson failed to adequately state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.* After Thompson filed its SAC, AIU again moves to dismiss.

## LEGAL STANDARD

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) shall be granted where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In reviewing these motions, courts view all of the pleaded facts as true and in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). A complaint must contain a short and plain statement that shows a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (2009) (internal quotations omitted). In ruling on a motion to dismiss, the court is not obligated to accept as true unreasonable inferences, conclusory statements, or allegations that "contradict matters properly subject to judicial notice or by exhibit." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

### I. REQUESTS FOR JUDICIAL NOTICE

Both parties submitted requests for judicial notice. *See* Dkt. Nos. 46, 48. AIU's requests are identical to those that it submitted in support of its first motion to dismiss. *See* Dkt. Nos. 28, 46. They consist largely of requests for notice of publicly filed documents, including a number of court documents. I repeat my decision in the prior Order and GRANT AIU's requests for judicial notice, except for the portion of the third request that reflects the "tender correspondence." *See* Order at 4. For the same reasons articulated in the prior Order, the portion of AIU's third request for judicial notice that consists of emailed "tender correspondence" is DENIED. *Id.* To the extent that AIU requests that I take notice of the truth of the contents of these documents, its requests are

DENIED.[2]

Thompson requests judicial notice of the denial of its motion to enforce settlement in the *School District Litigation*. Dkt. No. 48. Its request is GRANTED.

## II. THOMPSON ADEQUATELY ALLEGED THAT THE SOCAL COMPLAINT INCLUDED PROPERTY DAMAGES COVERED BY THE AIU POLICY

AIU does not seriously dispute that Thompson's allegations, taken as true, establish a colorable claim that the SoCal Complaint involved property damage. Instead, it asserts that these allegations are false and are contradicted by judicially noticeable facts. Mot. 11-12. It also asserts that "claims not in the pleadings are not appropriate to consider in evaluating coverage." *Id.* at 10.

AIU is not correct in its second argument that I am limited to pleadings of the SoCal Complaint. As I stated in the prior Order, "[t]he obligation to indemnify arises when the insured's underlying liability is established." *Prof'l Sec. Consultants, Inc. v. U.S. Fire Ins. Co.*, No. CV 10-04588 SJO SSX, 2010 WL 4123786, at *3 (C.D. Cal. Sept. 22, 2010); *see also* Order 8. "[T]he universe of facts bearing on whether a claim is potentially covered includes extrinsic facts known to the insurer at the inception of the suit as well as the facts in the complaint." *Friedman Prof'l Mgmt. Co. v. Norcal Mut. Ins. Co.*, 120 Cal. App. 4th 17, 34-35 (2004); *see also Vandenberg v. Superior Court*, 21 Cal. 4th 815, 839 (1999) (stating that coverage for property damage may arise for breach of contract claims, depending upon "[t]he nature of the damage and the risk involved, in light of particular policy provisions."). Even if the SoCal Complaint does not include any allegations of property damage, I cannot dismiss Thompson's claims on that basis at this stage of litigation. Notwithstanding the allegations in the SoCal Complaint, AIU may have known of the alleged property damage at the outset of the lawsuit. The SAC alleges facts that establish this. *See* SAC ¶¶ 15-17.

The SAC remedied the deficiencies in the prior Complaint. In my last Order, I concluded

---

[2] I recognize that what appears to be at issue in this case, and that is reflected in the "tender correspondence," is that Thompson gave mistakenly gave notice to AIG, AIU's parent corporation, instead of AIU. In the briefing, AIU argues that this fact demonstrates it never received notice of the lawsuit, while Thompson suggests that AIU knew of the attempted tender but did nothing. This disputed fact, which goes to the merits of both claims, is not an issue that can be resolved on a motion to dismiss.

that the FAC failed to state (i) whether Thompson had already incurred damages in paying SoCal due to the lawsuit, (ii) the nature of the lawsuit by SoCal, or (iii) that the SoCal lawsuit involved claims for property damage. *See* Order 8-9. The SAC provides information on all of these points. It outlines the litigation between SoCal and Thompson and states that Thompson has already paid damages to SoCal as a result. SAC ¶¶ 21-26. It clarifies that the original suit with SoCal never settled, and that Thompson's liability arose from the continuing litigation in that case. *Id.* ¶¶ 19-26. Further, it specifically describes the property damage claims brought by SoCal in that suit. *Id.* ¶¶ 14-16, 22. SoCal initially claimed $252,202.00 in property damages arising from water damage to its sheet rock due to Thompson's failure to secure the building from water intrusion. *Id.* ¶¶ 15-17. After Thompson thought it had settled the lawsuit, SoCal contended the settlement was unenforceable and alleged an additional $226,140.00 in water damage and a total claim in excess of $760,000. *Id.* 18-23. The suit with SoCal finally ended on October 30, 2013, after SoCal prevailed and Thompson paid SoCal $211,100.00 (in addition to $96,400.00 that it had paid earlier as part of the attempted settlement). *Id.* ¶¶ 21-26.

AIU contends that these allegations are insufficient because they are contradicted by the settlement agreement between SoCal and Thompson, by Thompson's motion to enter the settlement as judgment, and by the court's order on that motion. Mot. 8-9. These documents do not discuss Thompson's substantive underlying liability to SoCal. *See* Request for Judicial Notice Exs. 6, 7, 9-13 (Dkt. No. 46). They do not contradict Thompson's allegations, taken as true. Although AIU may make these arguments in a summary judgment motion, it cannot prevail in its motion to dismiss.[3]

### III. THOMPSON ADEQUATELY ALLEGED TENDER

AIU contends that Thompson did not re-tender the claims brought by SoCal after they

---

[3] I reject AIG's argument that the damaged drywall is not covered by the AIU Policy. *See* Order 9 n.3. Although AIG argues that there is no reference to allegations of damage to uninstalled drywall, *see* Mot. 12, a lack of such a reference does not merit dismissal. The SAC states that SoCal sued for water damage to sheet rock, without specifying that it was installed or not. *See* SAC ¶¶ 15-16. It is plausible that SoCal sued only for damage to uninstalled sheetrock, or to both installed and uninstalled sheetrock. Ultimately, the nature of the underlying damages in the SoCal lawsuit is a question of fact that should not be delved into on a motion to dismiss. Accordingly, I am not persuaded by AIG's argument.

1 continued when the parties' settlement did not enter as a judgment. Mot. 13. It points to the
2 "notice and cooperation clause" and the "no-voluntary payments clause" in the AIU Policy,
3 asserting that Thompson was obligated to notify them of the continued SoCal lawsuit. *Id.* at 13-
4 14. AIU explains that failure to comply with such provisions relieve an insurer of liability. *Id.* at
5 14.

6 The only case that AIU cites in support of this argument is *Belz v. Clarendon Am. Ins. Co.*
7 *Id.* In *Belz*, the insured never notified the insurer of the lawsuit against it, had a default judgment
8 entered against it, and sued the insurer for failure to indemnify. 158 Cal. App. 4th 615, 622-24
9 (2007). The court discussed the law of notice provisions, cooperation clauses, and no-voluntary
10 payment clauses, respectively. *Id.* at 625-26. The court held that "[u]nder California law, an
11 insured's breach of a notice provision or a cooperation clause does not excuse the insurer's
12 performance unless the insurer can show that it suffered prejudice; a breach of a no-voluntary-
13 payment provision does not require a showing of prejudice." *Id.* It concluded that "because
14 [plaintiff] breached a notice provision, and [defendant] did not make a showing that it suffered
15 actual, substantial prejudice, the trial court erred in granting summary judgment." *Id.* at 633. The
16 no-voluntary payment provision did not apply because the insured did not actually pay any money.
17 *Id.*

18 Thompson contends that AIU received notice of the motion to enforce the SoCal
19 settlement, that SoCal was disputing the enforceability of the settlement agreement, and that the
20 trial court had denied Thompson's motion to enforce the settlement agreement. Opp. 8 (Dkt. No.
21 49). It states that "[t]he trial court's denial of TPC's motion to enforce the settlement agreement is
22 part of the underlying record, which provides sufficient notice." *Id.* (internal citations omitted).

23 The SAC states that Thompson "performed all covenants and conditions on its part to be
24 performed under that [TIG] policy except those that were prevented, excused or waived." SAC ¶
25 10. It also alleges that Thompson "gave notice of [the SoCal] lawsuit to defendant" when it was
26 first filed. *Id.* ¶ 17. Further, Thompson apparently seeks to advance a theory that AIU knew
27 Thompson attempted to make a claim on the policy but did not respond because the notice was
28 served on its parent corporation. Opp. 9.

6

1    AIU has not cited any case that a party must allege tender, or re-tender, at the pleading
2    stage. *Belz* is not on point because it does not discuss what is required at the pleading stage, and
3    because the facts of that case differ greatly from the case here. Instead, *Belz* suggests that AIU
4    must establish prejudice before it may be relieved of liability for failure to comply with notice or
5    cooperation clauses.[4]

6    The SAC alleges that AIU had notice of the original SoCal lawsuit, and there is no
7    evidence that contradicts this. AIU has not cited, and I am not aware of, any case that requires an
8    insured to allege *re-tender* in the complaint. In addition, Thompson takes the position that AIU
9    had notice, constructive or actual, that the SoCal lawsuit had not been resolved and thus that re-
10   tender was either unnecessary or effectively given. Courts have stated that "the issue of notice to
11   an excess insurer usually involves a factual determination." *Span, Inc. v. Associated Internat. Ins.
12   Co.*, 227 Cal. App. 3d 463, 482 (Ct. App. 1991), *reh'g denied and opinion modified* (Feb. 27,
13   1991). I find that the SAC plausibly alleges that AIU was on notice until the final resolution of
14   the SoCal lawsuit.

15   At this stage, I cannot say as a matter of law that Thompson is barred from bringing its suit
16   because it did not give notice to AIU of the re-commenced SoCal lawsuit. Such a conclusion
17   would require me to make factual determinations or inferences in favor of AIU, which is not
18   permitted in resolving a motion to dismiss. Accordingly, I am not persuaded by AIU's argument
19   that Thompson's breach of contract claim is barred because Thompson failed to properly allege re-
20   tender. The motion to dismiss the breach of contract claim is DENIED.

21   **IV. BAD FAITH CLAIM, ATTORNEYS' FEES AND PUNITIVE DAMAGES**

22   AIU moves to dismiss Thompson's cause of action for breach of the implied covenant of
23   good faith and fair dealing because Thompson has not adequately alleged a predicate breach of
24   contract claim. Mot. 15. It also states that there are no allegations that it had notice of the SoCal

---

[4] Although AIU needs to establish prejudice for a violation of the no-voluntary payments clause, the parties dispute whether this applies where there is no duty to defend, and have not addressed whether that provision in the TIG Policy applies when the AIU Policy disclaims the duty to defend. I need not address these issues because the SAC adequately alleges that AIU had notice of the original SoCal lawsuit.

lawsuit after the TIG Policy coverage was exhausted. *Id.* at 15-16. Because I conclude that Thompson adequately pleaded a breach of contract, and that AIU had notice that the SoCal lawsuit was ongoing, both of these arguments fail.

AIU also argues that the bad faith claim fails to state a claim under Rule 12(b)(6) because Thompson improperly asserts "on information and belief" that it engaged in a course of conduct to oppress Thompson. *Id.* at 16. Although AIU asserts that such information is not peculiarly within its possession and control, I disagree. This is the type of information that is properly alleged "on information and belief." *See Reid-Ashman Mfg, Inc. v. Swanson Semiconductor Serv., L.L.C.*, No. C-06-4693 JCS, 2007 WL 1394427, at *9-10 (N.D. Cal. May 10, 2007).

I am similarly not persuaded by AIU's contention that the SAC contains insufficient facts. The SAC alleges that AIU failed to conduct an adequate investigation of the claims, to respond to and communicate with Thompson, and to evaluate Thompson's claim objectively. SAC ¶ 41. It also contends that AIU refused to provide a copy of the insurance policy. *Id.* These facts support a plausible claim of bad faith. *See Mortazavi v. Fed. Ins. Co.*, No. 13CV3141-GPC BGS, 2014 WL 940328, at *4 (S.D. Cal. Mar. 11, 2014) (denying motion to dismiss allegations that "Defendants failed to conduct an adequate investigation or that Defendants' conduct was unreasonable, arbitrary, or without good cause").

AIU moves to dismiss Thompson's request for attorneys' fees and punitive damages, arguing that the only basis for these claims is the bad faith cause of action. Mot. 17-18. Because Thompson adequately pleaded a bad faith cause of action, there is no basis to dismiss the claims for attorneys' fees or punitive damages. AIU's motion to dismiss Thompson's bad faith cause of action, claim for attorneys' fees, and claim for punitive damages is DENIED.[5]

## V. MOTION TO STRIKE

AIU moves to strike paragraphs 2-4, 7-8, 34, and 36-38 from the SAC, asserting that they are immaterial and impertinent. Mot. 18. It specifically objects to the SAC's mention of AIG, Inc. and AIG Specialty, as they are not parties to this action. *Id.* at 18-20.

---

[5] I will not address Thompson's "pass-through" argument made in a footnote and for the first time in its reply.

1	Motions to strike are generally disfavored, and courts will typically grant them where the
2	matter to be stricken could have no possible bearing on the litigation. *Gitson v. Trader Joe's Co.*,
3	No. 13-cv-01333-WHO, 2014 WL 1048640, at *3 (N.D. Cal. Mar. 14, 2014) *motion to certify*
4	*appeal denied,* 63 F. Supp. 3d 1114 (N.D. Cal. 2014). "[A]llegations supplying background or
5	historical material or other matter of an evidentiary nature will not be stricken unless unduly
6	prejudicial to defendant." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D.
7	Cal. 1992); *see also Boyd v. Avanquest N. Am. Inc*, No. 12-CV-04391-WHO, 2014 WL 7183988,
8	at *5 (N.D. Cal. Dec. 16, 2014).

9	Many of these allegations give context to this action. In addition, Thompson asserts that
10	"[t]he agency allegations AIU seek[s] to have stricken are relevant because when proven, they will
11	show that AIU had notice through AIG." Opp. 9. It provides an alternate theory of notice in this
12	case: that AIU knew through its agents that Thompson sought a defense and that Thompson did
13	not have copies of the applicable insurance policies. *Id.* AIU has not provided any prejudice that
14	it will suffer by having such information in the complaint. Its motion to strike is DENIED.

## CONCLUSION

AIU's motion to dismiss and to strike is DENIED. It shall answer the SAC within ten days of the date of this Order.

**IT IS SO ORDERED**.

Dated: September 29, 2015



WILLIAM H. ORRICK
United States District Judge

9