1  Alexander Bannon, Bar No. 109249
   bannon@oles.com
2  OLES MORRISON RINKER & BAKER LLP
3  492 Ninth Street, Suite 220
   Oakland, California  94607
4  Telephone:  (510) 903-2001
   Attorneys for Plaintiff,
5  THOMPSON PACIFIC CONSTRUCTION, INC.

6  Andrew D. Herold, Bar No. 178640
7  aherold@heroldsagerlaw.com
   Joshua A. Zlotlow, Bar No. 211399
8  jzlotlow@heroldsagerlaw.com
   HEROLD & SAGER
9  550 Second Street, Suite 200
   Encinitas, CA  92024
10 Telephone:  (760) 487-1047
11 Attorneys for Defendant
   AIU INSURANCE COMPANY and
12 Non-Party AIG PROPERTY CASUALTY COMPANY

13

14              **UNITED STATES DISTRICT COURT**

15             **NORTHERN DISTRICT OF CALIFORNIA**

16 THOMPSON PACIFIC CONSTRUCTION,        Case No. 3:15-CV-01091-WHO
   INC.,
17                                       **JOINT STATEMENT OF THE NATURE
18              Plaintiffs,              OF THE DISCOVERY DISPUTE RE:
                                         SUBPOENA ISSUED TO AIG PROPERTY
19      vs.                              CASUALTY COMPANY**

20 AIU INSURANCE COMPANY,

21              Defendant.

22

23         Pursuant to this Court's Standing Order, the parties first submit this statement of the

24 discovery dispute between plaintiff Thompson Pacific Construction, Inc. ("Thompson") and AIG

25 Property Casualty Company ("AIG Property") regarding plaintiff's subpoena on AIG Property.

26 **Thompson's Position**

27         On or around February 8, 2016, plaintiff served AIG Property Casualty Company ("AIG

28 Property") with a subpoena to produce documents, attached hereto as Exhibit 1.  The purpose of

                                        -1-

1   this request was to show that AIU received notice of the SoCal action and the plaintiff's request for

2   insurance coverage.   AIU, like American Int'l, are both wholly owned by AIG, Inc.   Plaintiff

3   believes that AIG, Inc. refers all claims from American Int'l and from AIU (and other subsidiaries)

4   to AIG Property for resolution.   The subpoena was intended to obtain evidence to show that there

5   was no effective difference between the notice given and the notice AIU believes should have been

6   given because in either event, either notice would have ended up in the same third company, AIG

7   Property, for resolution and to show that actual knowledge was imparted.   The subpoena also was

8   served to obtain documents or evidence to refute AIU's defense that it had no notice of TPC's claim

9   for coverage in this action until it was named and served in this action.

10          On February 22, 2016, AIG Property, through the same attorneys as representing AIU (who

11   also represented AIG, Inc. and American Int'l when they were parties), served objections, but failed

12   to produce any documents responsive to this request at all

13          In the meet and confer session, AIG Property's attorneys informed that AIG Property was

14   the organization at AIG, Inc. which handled claims for both AIU and American Int'l (both AIG,

15   Inc. subsidiaries), and that the claims file produced by AIU came from AIG Property.   Based on

16   that representation, TPC stated it would not seek documents for its first four categories, as they

17   already were produced by AIU.   However, TPC asked for the production of categories 5, 6, and 7,

18   or at least a privilege log, because those documents seek relevant evidence on AIU's defenses in

19   this action.

20   **AIG Property Casualty Company's Position**

21          AIG Property Casualty timely served objections to the Subpoena, attached hereto as Exhibit

22   2.

23          Request No. 5 asked for: "[a]ll documents which refer to or consist of any analysis of any of

24   Thompson Pacific Construction, Inc.'s claims asserted in its lawsuit against AIG, Inc." AIG

25   Property Casualty Company objected to this request on numerous grounds. Most significantly, any

26   responsive documents would be irrelevant since they would pertain to claims asserted in this

27   lawsuit against an entity that was dismissed. Further, any responsive documents would necessarily

28   have been generated for the purposes of defending the claims against American International

-2-

1    Group, Inc. in this litigation and would therefore be protected from disclosure. "As stated in Rule

2    26, the [work product] doctrine extends not only to work by the attorney but also to litigation

3    preparation work by the party or its representatives. The protection afforded by the work product

4    doctrine 'prevent[s] exploitation of a party's efforts in preparing for trial' by preventing the

5    opposing party from obtaining trial preparation materials absent a clear showing of otherwise

6    unsatisfiable need. *Admiral Ins. Co. v. United States Dist. Court for the Dist. of Ariz.,* 881 F.2d

7    1486, 1494 (9th Cir.1988); *Hickman,* 329 U.S. at 516, 67 S.Ct. 385 (Jackson, J., concurring)

8    (doctrine prevents one side from "perform[ing] its functions ... on wits borrowed from the

9    adversary")." *United States v. ChevronTexaco Corp.*, 241 F.Supp.2d 1065, 1081 (N.D. Cal. 2002)

10   (adopting rule of 2nd Circuit that "except where a document would have been generated in the

11   normal course of business even if no litigation was anticipated, the work product doctrine can reach

12   documents prepared "because of litigation" even if they were prepared in connection with a

13   business transaction or also served a business purpose."). "Materials, transmitted between

14   nonlawyer [employees of a client corporation], that reflect matters about which the client intends to

15   seek legal advice are comparable to notes a client would make to prepare for a meeting with her

16   lawyer—notes which could serve as an agenda or set of reminders about things to ask or tell

17   counsel. It would undermine the purpose of the attorney-client privilege not to extend protection to

18   such notes. Therefore, internal communications that reflect matters about which the client intends to

19   seek legal advice are protected." *Id.* at 1077 (N.D. Cal. 2002)

20        Further, as was noted in American International Group, Inc.'s Rule 12 Motion (Docs. 10-

21   13):

22        American International Group, Inc. has no legally significant connection
          whatsoever with the events, the parties, or the dispute. First and foremost, the
23        subject policies were issued by American International Specialty Lines Insurance
          Company, now known as AIG Specialty Insurance Company, and not American
24        International Group, Inc. In addition, American International Group, Inc. is not an
          insurance company, does not write or issue insurance policies, does not administer
25        claims under insurance policies, nor does it provide claims services to companies
          issuing insurance policies. Further, American International Group, Inc. is not
26        incorporated in California. Neither does American International Group, Inc.
          conduct business, have offices or maintain any physical presence in California.
27        Thompson does not allege any facts which could make American International
28

1    Group, Inc. responsible for the obligations of its separately incorporated subsidiary
2    company.

3    Request No. 6 asked for "[a]ll documents which refer to or consist of any analysis of
4    Thompson Pacific Construction, Inc.'s right to indemnity from AIG, Inc. for claims asserted by
5    Southern California Drywall Company, Inc. Any responsive documents would be protected from
6    disclosure for the same reasons as any documents responsive to Request No. 5.

7    Request No. 7 asked for "[a]ll documents which refer to or consist of AIG Property Casualty
8    Company's authority to respond to claims for insurance coverage made to AIG, Inc. or any AIG,
9    Inc. subsidiary (other than AIG Property Casualty Company Company) during the years 2007 to
10   2014." Any responsive documents constituting any agreements between any relevant companies
11   would be protected from disclosure as confidential and proprietary and/or protected by the trade
12   secret privilege. Moreover, any responsive documents would be irrelevant since there is no dispute
13   that both AIG Specialty Insurance Company and AIU Insurance Company use a common claims
14   administrator. Thompson apparently seeks these documents in an effort to demonstrate that its
15   tender to AIG Specialty Insurance Company also constituted a tender to AIU. The reasons why this
16   was not the case and why the tender would have been untimely even if Thompson were correct are
17   addressed in AIU's Motion for Summary Judgment (Docs. 59-62.) As a result, this dispute may be
18   moot.

19   DATED:  March 1, 2016                          OLES MORRISON RINKER & BAKER LLP

20

21                                                 By: _____
22                                                 ALEXANDER BANNON, ESQ.
23                                                 bannon@oles.com
                                                   Attorney for Plaintiff
24                                                 THOMPSON PACIFIC
                                                   CONSTRUCTION, INC.

25   ///
26   ///
27   ///
28   ///

JOINT STATEMENT REGARDING DISCOVERY DISPUTE RE: SUBPOENA         No. 3:15-CV-01091-WHO

1    DATED: March 1, 2016              HEROLD & SAGER

2

3                               By: _____

4                                  ANDREW D. HEROLD, ESQ.

5                                  aherold@heroldsagerlaw.com
                                   JOSHUA A. ZLOTLOW, ESQ.

6                                  jzlotlow@heroldsagerlaw.com
                                 Attorneys for Defendant

7                                  AIU INSURANCE COMPANY and
                                 Non-Party AIG PROPERTY

8                                  CASUALTY COMPANY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATEMENT REGARDING DISCOVERY DISPUTE RE: SUBPOENA      No. 3:15-CV-01091-WHO

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | | |
|---|---|---|
| Thompson Pacific Construction, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:15:CV-01091-WHO |
| AIU Insurance Company | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   AIG PROPERTY CASUALTY COMPANY

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment A

| Place: Oles, Morrison, Rinker & Baker, LLP, 492 Ninth Street, Suite 220, Oakland, California, 94607  510-903-2001 | Date and Time: 02/22/2016 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/05/2016

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Thompson Pacific Construction, Inc. _____, who issues or requests this subpoena, are:

Alex Bannon, Oles, Morrison, Rinker & Baker, LLP, 492 Ninth Street, Suite 220, Oakland, Ca. 94607 bannon@oles.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

ATTACHMENT A

1. All documents referring to Thompson Pacific Construction, Inc. from January, 2007 to January, 2016.

2. All documents referring to or consisting of communications between AIG Property Casualty Company and Thompson Pacific Construction, Inc. or its agents and employees, from January 2007 to January, 2016.

3. All documents referring to or consisting of communications, including emails, letters or memoranda, between AIG Property Casualty Company and anyone other than Thompson Pacific Construction, Inc. which refers to Thompson Pacific Construction Inc. from January, 2007 to the present.

4. All documents, including emails, letters or memoranda, which refer to any litigation between Thompson Pacific Construction, Inc. and Southern California Drywall Company, Inc. from January, 2007 to January, 2016.

5. All documents which refer to or consist of any analysis of any of Thompson Pacific Construction, Inc.'s claims asserted in its lawsuit against AIG, Inc.

6. All documents which refer to or consist of any analysis of Thompson Pacific Construction, Inc.'s right to indemnity from AIG, Inc. for claims asserted by Southern California Drywall Company, Inc.

7. All documents which refer to or consist of AIG Property Casualty Company's authority to respond to claims for insurance coverage made to AIG, Inc. or any AIG, Inc. subsidiary (other than AIG Property Casualty Company) during the years 2007 to 2014.

**PROOF OF SERVICE**

I declare as follows:

I am employed by the law office of Oles Morrison Rinker & Baker LLP, located at 492 9th Street, Suite 220, Oakland, California 94607, and am over the age of 18 years and not a party to the within titled cause.  On the date last appearing below, I served the following document(s):

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

on the parties by placing true and correct copies thereof:

X___   **By First Class Mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below and:
1. Deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid; or
2. Placed the envelope for collection and mailing, following our ordinary business practice.  I am readily familiar with this business practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

___   **By Overnight Delivery**.  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

___   **By Messenger Service**.  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed this date, **February 5, 2016**, at Oakland, California.

Anna Williams

**SERVICE LIST**

Andrew D. Herold, Esq.
Joshua A. Zlotlow, Esq.
Herold & Sager
550 Second Street, Suite 200
Encinitas, CA 92024
T: 760.487.1047
F: 760.487.1067
aherold@heroldsagerlaw.com
jzlotlow@heroldsagerlaw.com

Proof of Service                                                                                 Case No. 3:15-CV-01091-WHO

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:15:CV-01091-WHO

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Alexander Bannon SBN 109249<br>Oles Morrison Rinker Baker LLP<br>701 Pike Street Suite 1700<br>Seattle WA 98101<br>ATTORNEY FOR    Plaintiff | (206) 623-3427<br><br><br>Ref. No. or File No.<br>12496.0004 | |

| UNITED STATES DISTRICT COURT - NORTHERN DISTRICT, OAKLAND |
|---|
| 1300 Clay St. Rm 300<br>Oakland, CA 94612 |

| SHORT TITLE OF CASE: |
|---|
| Thompson Pacific Construction, Inc. v. AIU Insurance Company |

| INVOICE NO.<br>1137255 | DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>3:15: CV-01091-WHO |
|---|---|---|---|---|

United States District Court

Declaration of Service

I, the undersigned, declare under penalty of perjury that I was on the date herein referred to over the age of 21 years and not a party to the within entitled action. I served the:

Federal Subpoena to Produce Documents, Information, or objects or to Permit Inspection of Premises in a Civil Action;

On: AIG PROPERTY CASUALTY COMPANY

At: 2710 Gateway Oaks Dr. #150N
    Sacramento, CA 95833

In the above named action by delivering to and leaving with

Becky DeGeorge

Whose title is: Agent for CSC

On: 2/8/2016        At: 10:19 AM

Fees Paid: 0.00

Person who served papers
   a. Name:Angelica Rodriguez Lezama
   b. Address: 14748 Pipeline Avenue, Suite B, Chino Hills, CA 91709
   c. Telephone number: 909-664-9565
   d. The fee for this service was: 125.95

CONTINUED ON NEXT PAGE

| PLAINTIFF/PETITIONER: | Thompson Pacific Construction, Inc. | CASE NUMBER: 3:15: CV-01091-WHO |
|---|---|---|
| DEFENDANT/RESPONDENT: | AIU Insurance Company | |

e. I am:
(3) [X] CA process server:
    (i)[X] Independent Contractor
    (ii) Registration No.: 2013-30
    (iii) County: Sacramento

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the return of service and statement of fees is true and correct.

2/9/2016

Angelica Rodriguez Lezama        >

**Declaration of Service**

EXHIBIT 2

1   ANDREW D. HEROLD, ESQ.
    Bar No. 178640
2   JOSHUA A. ZLOTLOW, ESQ.
    Bar No. 211399
3   HEROLD & SAGER
    550 Second Street, Suite 200
4   Encinitas, CA  92024
5   Telephone:  (760) 487-1047
    Facsimile:  (760) 487-1067
6   aherold@heroldsagerlaw.com
7   jzlotlow@heroldsagerlaw.com

8   Attorneys for Non-Party AIG PROPERTY CASUALTY COMPANY

9

10                  **UNITED STATES DISTRICT COURT**

11                **NORTHERN DISTRICT OF CALIFORNIA**

12  THOMPSON PACIFIC CONSTRUCTION,        CASE NO.:        3:15-CV-01091-WHO
    INC.,
13                                        **AIG PROPERTY CASUALTY**
                 Plaintiff,               **COMPANY'S OBJECTIONS TO**
14                                        **THOMPSON PACIFIC CONSTRUCTION,**
         vs.                              **INC.'S SUBPOENA**
15
    AIU INSURANCE COMPANY,                Date:    February 22, 2016
16                                        Time:    10:00 a.m.
                 Defendant.               Place:   Oles, Morrison, Rinker & Baker, LLP
17                                                 492 Ninth Street, Suite 220
                                                   Oakland, CA 94607
18

19

20          Non-Party AIG PROPERTY CASUALTY COMPANY, by and through its attorneys,

21  Herold & Sager, hereby asserts the following objections to THOMPSON PACIFIC

22  CONSTRUCTION, INC.'s ("Thompson or Requesting Party") Subpoena to AIG Property Casualty

23  Company to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a

24  Civil Action ("Subpoena") as follows:

25               **PRELIMINARY STATEMENT AND OBJECTIONS**

26          These responses are made solely for the purpose of, and in relation to, this action.  Each

27  response is given subject to all appropriate objections (including, but not limited to, objections

28  concerning competency, relevancy, materiality, propriety and admissibility), which would require

1   the exclusion of any statement contained herein if the request were asked of or any statement

2   contained herein were made by, a witness present and testifying in court. All such objections and

3   grounds therefore are reserved and may be interposed at the time of trial.

4       AIG Property Casualty Company objects to the extent the Subpoena seeks information

5   protected by the attorney-client privilege and/or attorney work product doctrine and seeks

6   information that may be confidential, proprietary and/or protected by the trade secret privilege.

7   AIG Property Casualty Company also objects to the extent the requests therein seek information

8   that may be protected by the right of privacy.

9       Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be

10  implied or inferred. The fact that any request herein has been objected to should not be taken as an

11  admission, or a concession of the existence, of any facts set forth or assumed by such request, or

12  that such response constitutes evidence of any fact thus set forth or assumed. All objections must be

13  construed as given on the basis of present recollection.

14      AIG Property Casualty Company objects to the Subpoena on the grounds that it is not the

15  appropriate party for service of the Subpoena as documents should be requested from AIU

16  Insurance Company ("AIU"), which is a party to this action. AIG Property Casualty Company

17  further objects to this Subpoena on the basis that it improperly seeks to conduct party discovery in

18  contravention of FRCP 34.

19      AIG Property Casualty Company further objects to the Subpoena on the grounds that

20  service was improper pursuant to FRCP 45(b), *et seq.* and/or FRCP 45(c)(3)(A)(ii) and/or on the

21  grounds that AIG Property Casualty Company was not provided with adequate notice within which

22  to respond to the Subpoena. AIG Property Casualty Company also objects to the Subpoena as

23  harassing, oppressive, unduly burdensome, unduly cumulative and duplicative, causing

24  unreasonable and unnecessary delay, and increased cost of litigation.

25      AIG Property Casualty Company further objects to the Subpoena on the grounds that it fails

26  to set out the text of FRCP 45(d) and (e) as required by FRCP 45(a)(1)(A)(iv). AIG Property

27  Casualty Company further objects to the time, date, place and manner demanded for production as

28  unreasonable.

1    With respect to Thompson's requests seeking information and/or documents relative to any

2    investigation, review, analysis, evaluation, handling, processing and/or acceptance of Thompson's

3    claim for coverage under the applicable policy, such requests seek information beyond the

4    permissible scope of discovery pursuant to FRCP 26(b)(1) given such requests do not seek

5    information relevant to any party's claims or defenses. Accordingly, such requests are specifically

6    objected to on this basis, among others, below.

7                        **OBJECTIONS TO DOCUMENTS REQUESTED**

8    **REQUEST NO. 1:**

9        All documents referring to Thompson Pacific Construction, Inc. from January, 2007 to

10   January, 2016.

11   **OBJECTION TO REQUEST NO. 1:**

12       AIG Property Casualty Company incorporates its preliminary statement and all general

13   objections contained therein as though fully set forth in this objection. AIG Property Casualty

14   Company objects to this request as vague, ambiguous, overbroad, not reasonably limited in scope

15   and time, harassing, oppressive, unduly burdensome, unduly cumulative and duplicative, causing

16   unreasonable and unnecessary delay, and increased cost of litigation. AIG Property Casualty

17   Company also objects to this request on the basis that it seeks documents that are irrelevant and not

18   reasonably calculated to lead to the discovery of admissible evidence as the non-protected and non-

19   privileged portions of the relevant claim files have already been produced by AIU. AIG Property

20   Casualty Company also objects to this request to the extent it seeks documents equally available to

21   the Requesting Party. AIG Property Casualty Company further objects to this request to the extent it

22   seeks information protected by the attorney-client privilege and/or attorney work product doctrine

23   as well as documents prepared in contemplation of litigation and for the purposes of defense of

24   litigation. AIG Property Casualty Company also objects to this request to the extent that it seeks

25   information that is confidential and proprietary and/or protected by the trade secret privilege.

26   Additionally, AIG Property Casualty Company objects to this request to the extent that it seeks to

27   invade the privacy rights of non-parties to this action.

28   ///

1      AIG Property Casualty Company reserves its right to supplement and/or amend this

2  objection, including asserting additional objections.

3  **REQUEST NO. 2:**

4      All documents referring to or consisting of communications between AIG Property Casualty

5  Company and Thompson Pacific Construction, Inc. or its agents and employees, from January 2007

6  to January, 2016.

7  **OBJECTION TO REQUEST NO. 2:**

8      AIG Property Casualty Company incorporates its preliminary statement and all general

9  objections contained therein as though fully set forth in this objection. AIG Property Casualty

10  Company objects to this request as vague, ambiguous, overbroad, not reasonably limited in scope

11  and time, harassing, oppressive, unduly burdensome, unduly cumulative and duplicative, causing

12  unreasonable and unnecessary delay, and increased cost of litigation. AIG Property Casualty

13  Company also objects to this request on the basis that it seeks documents that are irrelevant and not

14  reasonably calculated to lead to the discovery of admissible evidence as the non-protected and non-

15  privileged portions of the relevant claim files have already been produced by AIU. AIG Property

16  Casualty Company also objects to this request to the extent it seeks documents equally available to

17  the Requesting Party. AIG Property Casualty Company further objects to this request to the extent it

18  seeks information protected by the attorney-client privilege and/or attorney work product doctrine

19  as well as documents prepared in contemplation of litigation and for the purposes of defense of

20  litigation. AIG Property Casualty Company also objects to this request to the extent that it seeks

21  information that is confidential and proprietary and/or protected by the trade secret privilege.

22  Additionally, AIG Property Casualty Company objects to this request to the extent that it seeks to

23  invade the privacy rights of non-parties to this action.

24      AIG Property Casualty Company reserves its right to supplement and/or amend this

25  objection, including asserting additional objections.

26  **REQUEST NO. 3:**

27      All documents referring to or consisting of communications, including emails, letters or

28  memoranda, between AIG Property Casualty Company and anyone other than Thompson Pacific

4

AIG PROPERTY CASUALTY CO.'S OBJECTIONS TO THOMPSON'S SUBPOENA      3:15-CV-01091-WHO

1  Construction, Inc. which refers to Thompson Pacific Construction Inc. from January, 2007 to the

2  present.

3  **OBJECTION TO REQUEST NO. 3:**

4      AIG Property Casualty Company incorporates its preliminary statement and all general

5  objections contained therein as though fully set forth in this objection. AIG Property Casualty

6  Company objects to this request as vague, ambiguous, overbroad, not reasonably limited in scope

7  and time, harassing, oppressive, unduly burdensome, unduly cumulative and duplicative, causing

8  unreasonable and unnecessary delay, and increased cost of litigation. AIG Property Casualty

9  Company also objects to this request on the basis that it seeks documents that are irrelevant and not

10  reasonably calculated to lead to the discovery of admissible evidence as the non-protected and non-

11  privileged portions of the relevant claim files have already been produced by AIU. AIG Property

12  Casualty Company also objects to this request to the extent it seeks documents equally available to

13  the Requesting Party. AIG Property Casualty Company further objects to this request to the extent it

14  seeks information protected by the attorney-client privilege and/or attorney work product doctrine

15  as well as documents prepared in contemplation of litigation and for the purposes of defense of

16  litigation. AIG Property Casualty Company also objects to this request to the extent that it seeks

17  information that is confidential and proprietary and/or protected by the trade secret privilege.

18  Additionally, AIG Property Casualty Company objects to this request to the extent that it seeks to

19  invade the privacy rights of non-parties to this action.

20      AIG Property Casualty Company reserves its right to supplement and/or amend this

21  objection, including asserting additional objections.

22  **REQUEST NO. 4:**

23      All documents, including emails, letters or memoranda, which refer to any litigation

24  between Thompson Pacific Construction, Inc. and Southern California Drywall Company, Inc. from

25  January, 2007 to January, 2016.

26  **OBJECTION TO REQUEST NO. 4:**

27      AIG Property Casualty Company incorporates its preliminary statement and all general

28  objections contained therein as though fully set forth in this objection. AIG Property Casualty

1   Company objects to this request as vague, ambiguous, overbroad, not reasonably limited in scope

2   and time, harassing, oppressive, unduly burdensome, unduly cumulative and duplicative, causing

3   unreasonable and unnecessary delay, and increased cost of litigation. AIG Property Casualty

4   Company also objects to this request on the basis that it seeks documents that are irrelevant and not

5   reasonably calculated to lead to the discovery of admissible evidence as the non-protected and non-

6   privileged portions of the relevant claim files have already been produced by AIU. AIG Property

7   Casualty Company also objects to this request to the extent it seeks documents equally available to

8   the Requesting Party. AIG Property Casualty Company further objects to this request to the extent it

9   seeks information protected by the attorney-client privilege and/or attorney work product doctrine

10  as well as documents prepared in contemplation of litigation and for the purposes of defense of

11  litigation. AIG Property Casualty Company also objects to this request to the extent that it seeks

12  information that is confidential and proprietary and/or protected by the trade secret privilege.

13  Additionally, AIG Property Casualty Company objects to this request to the extent that it seeks to

14  invade the privacy rights of non-parties to this action.

15      AIG Property Casualty Company reserves its right to supplement and/or amend this

16  objection, including asserting additional objections.

17  **REQUEST NO. 5:**

18      All documents which refer to or consist of any analysis of any of Thompson Pacific

19  Construction, Inc.'s claims asserted in its lawsuit against AIG, Inc.

20  **OBJECTION TO REQUEST NO. 5:**

21      AIG Property Casualty Company incorporates its preliminary statement and all general

22  objections contained therein as though fully set forth in this objection. AIG Property Casualty

23  Company objects to this request as vague, ambiguous, overbroad, not reasonably limited in scope

24  and time, harassing, oppressive, unduly burdensome, unduly cumulative and duplicative, causing

25  unreasonable and unnecessary delay, and increased cost of litigation. AIG Property Casualty

26  Company also objects to this request on the basis that it seeks documents that are irrelevant and not

27  reasonably calculated to lead to the discovery of admissible evidence as the non-protected and non-

28  privileged portions of the relevant claim files have already been produced by AIU. AIG Property

1    Casualty Company further objects to this request to the extent it seeks information protected by the

2    attorney-client privilege and/or attorney work product doctrine as well as documents prepared in

3    contemplation of litigation and for the purposes of defense of litigation. AIG Property Casualty

4    Company also objects to this request to the extent that it seeks information that is confidential and

5    proprietary and/or protected by the trade secret privilege. Additionally, AIG Property Casualty

6    Company objects to this request to the extent that it seeks to invade the privacy rights of non-parties

7    to this action.

8         AIG Property Casualty Company reserves its right to supplement and/or amend this

9    objection, including asserting additional objections.

10   **REQUEST NO. 6:**

11        All documents which refer to or consist of any analysis of Thompson Pacific Construction,

12   Inc.'s right to indemnity from AIG, Inc. for claims asserted by Southern California Drywall

13   Company, Inc.

14   **OBJECTION TO REQUEST NO. 6:**

15        AIG Property Casualty Company incorporates its preliminary statement and all general

16   objections contained therein as though fully set forth in this objection. AIG Property Casualty

17   Company objects to this request as vague, ambiguous, overbroad, not reasonably limited in scope

18   and time, harassing, oppressive, unduly burdensome, unduly cumulative and duplicative, causing

19   unreasonable and unnecessary delay, and increased cost of litigation. AIG Property Casualty

20   Company also objects to this request on the basis that it seeks documents that are irrelevant and not

21   reasonably calculated to lead to the discovery of admissible evidence as the non-protected and non-

22   privileged portions of the relevant claim files have already been produced by AIU. AIG Property

23   Casualty Company also objects to this request to the extent it seeks documents equally available to

24   the Requesting Party. AIG Property Casualty Company further objects to this request to the extent it

25   seeks information protected by the attorney-client privilege and/or attorney work product doctrine

26   as well as documents prepared in contemplation of litigation and for the purposes of defense of

27   litigation. AIG Property Casualty Company also objects to this request to the extent that it seeks

28   information that is confidential and proprietary and/or protected by the trade secret privilege.

1  Additionally, AIG Property Casualty Company objects to this request to the extent that it seeks to

2  invade the privacy rights of non-parties to this action.

3  AIG Property Casualty Company reserves its right to supplement and/or amend this

4  objection, including asserting additional objections.

5  **REQUEST NO. 7:**

6  All documents which refer to or consist of AIG Property Casualty Company's authority to

7  respond to claims for insurance coverage made to AIG, Inc. or any AIG, Inc. subsidiary (other than

8  AIG Property Casualty Company Company) during the years 2007 to 2014.

9  **OBJECTION TO REQUEST NO. 7:**

10  AIG Property Casualty Company incorporates its preliminary statement and all general

11  objections contained therein as though fully set forth in this objection. AIG Property Casualty

12  Company objects to this request as vague, ambiguous, overbroad, not reasonably limited in scope

13  and time, harassing, oppressive, unduly burdensome, unduly cumulative and duplicative, causing

14  unreasonable and unnecessary delay, and increased cost of litigation. AIG Property Casualty

15  Company also objects to this request on the basis that it seeks documents that are irrelevant and not

16  reasonably calculated to lead to the discovery of admissible evidence as the non-protected and non-

17  privileged portions of the relevant claim files have already been produced by AIU. AIG Property

18  Casualty Company also objects to this request to the extent it seeks documents equally available to

19  the Requesting Party. AIG Property Casualty Company further objects to this request to the extent it

20  seeks information protected by the attorney-client privilege and/or attorney work product doctrine

21  as well as documents prepared in contemplation of litigation and for the purposes of defense of

22  litigation. AIG Property Casualty Company also objects to this request to the extent that it seeks

23  information that is confidential and proprietary and/or protected by the trade secret privilege.

24  Additionally, AIG Property Casualty Company objects to this request to the extent that it seeks to

25  invade the privacy rights of non-parties to this action.

26  AIG Property Casualty Company reserves its right to supplement and/or amend this

27  objection, including asserting additional objections.

28  ///

AIG PROPERTY CASUALTY CO.'S OBJECTIONS TO THOMPSON'S SUBPOENA          3:15-CV-01091-WHO

1  DATED:  February 19, 2016                     HEROLD & SAGER

2

3                                          By: _Joshua Zlotlow_____

4                                             ANDREW D. HEROLD, ESQ.
                                              aherold@heroldsagerlaw.com
5                                             JOSHUA A. ZLOTLOW, ESQ.
                                              jzlotlow@heroldsagerlaw.com
6                                             Attorneys for Non-Party AIU PROPERTY
                                              CASUALTY COMPANY
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AIG PROPERTY CASUALTY CO.'S OBJECTIONS TO THOMPSON'S SUBPOENA          3:15-CV-01091-WHO

**PROOF OF SERVICE**

I, JuRee A. Bloedel, declare as follows:

      That I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to the action; and I am employed in the County of San Diego, in which county the within mentioned mailing occurred.  My business address is 550 Second Street, Suite 200, Encinitas, CA 92024.

      On **February 19, 2016**, I caused to be served, the documents named below in the above-referenced action as follows:

**AIG PROPERTY CASUALTY COMPANY'S OBJECTIONS TO THOMPSON PACIFIC CONSTRUCTION, INC.'S SUBPOENA**

on the interested parties in this action as follows:

**Alexander Bannon, Esq.**
bannon@oles.com
**Catherine W. Delorey, Esq.**
delorey@oles.com
**Robert L. Leslie, Esq.**
leslie@oles.com
**OLES MORRISON RINKER & BAKER LLP**
**492 Ninth Street, Suite 220**
**Oakland, CA 94612**
**510-903-2001**
**510-903-2015 (Fax)**
**Attorneys for Plaintiff THOMPSON PACIFIC CONSTRUCTION, INC.**

[X]    (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below and deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[X]    (BY FACSIMILE) I transmitted the documents via telecopier to the facsimile number(s) of the addressee(s) above and the transmission was reported as complete and without error.

      I declare that I am employed in the office of a member of the bar of this Court and whose direction the service was made.

      Executed on **February 19, 2016** at Encinitas, California.

                                    JuRee A. Bloedel