UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMPSON PACIFIC CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN INTERNATIONAL GROUP, INC., et al., <br><br> Defendants. | Case No. 15-cv-01091-WHO <br><br> **ORDER ON PENDING DISCOVERY DISPUTES** <br><br> Re: Dkt. Nos. 63, 64, 65, 68 |

There are two discovery disputes pending before me: (i) plaintiff's motion to compel third-party AIG Property to produce documents, and (ii) plaintiff's motion for a protective order regarding the deposition of Peter Thompson. The parties have filed joint discovery dispute letters on these two issues, and plaintiff has also filed noticed discovery motions, set for hearing on April 13, 2016. I find that these matters are sufficiently briefed for decision on the papers and under Civil Local Rule 7-1(b) VACATE the hearing dates.

**I.   PRODUCTION OF DOCUMENTS BY AIG PROPERTY**

On February 8, 2016, plaintiff Thompson issued a deposition subpoena requesting production of seven categories of documents from third-party AIG Property Casualty Company. According to Thompson, the purpose of the document request is to show that: (i) defendant AIU was on notice of Thompson's claims under the AIU policy (an excess policy issued to LAUSD) because (a) AIU participated in the coordinated litigation with Thompson and LAUSD, and (b) AIU received notice of the claims in the underlying litigation against SoCal when Thompson submitted a coverage claim under Thompson's own policy with AIG Specialty; and (ii) to prove that AIG Property administers both AIU and AIG Specialty claims on behalf of parent corporation AIG, Inc. (who was a party and is now dismissed). During the meet and confer, Thompson

agreed to limit the subpoena to the following three of the seven categories:

> 5. All documents which refer to or consist of any analysis of any Thompson Pacific Construction, Inc.'s claims asserted in its lawsuit against AIG, Inc.
>
> 6. All documents which refer to or consist of any analysis of Thompson Pacific Construction, Inc.'s right to indemnity from AIG, Inc. for claims asserted by Southern California Drywall Company, Inc.
>
> 7. All documents which refer to or consist of AIG Property Casualty Company's Authority to respond to claims for Insurance coverage made to AIG, Inc. or any AIG, Inc. subsidiary (other than AIG Property Casualty Company) during the years 2007 to 2014.

Third party AIG Property (through counsel for defendant AIU) objected to the subpoena. AIG Property argues, with respect to Requests 5 & 6, that since AIG has been dismissed the documents sought are irrelevant, and any responsive documents would have been generated only after the inception of this lawsuit and are protected by the attorney work-product doctrine. With respect to Request 7, AIG Property argues that the documents are privileged and are "irrelevant since there is no dispute that both AIG Specialty Insurance Company and AIU Insurance Company use a common claims administrator." Dkt. No 63.

Having considered the parties' positions and arguments in the joint discovery letter, I rule as follows:

Request No. 5: This Request pertains only to documents generated to analyze claims in this lawsuit. Any responsive documents would therefore be protected by the work product doctrine and are irrelevant to the issue of notice of the SoCal action to AIU. Motion to Compel is DENIED.

Request No. 6: These documents are relevant to the issue of notice by both AIG, Inc. (which is no longer a party) *and* AIU. These documents must be produced, but any documents AIG Property contends are protected by the work product doctrine or attorney client privilege may be listed (at least initially) on a privilege log. Motion to Compel is GRANTED.

Request No. 7: If AIG Property objects to providing documents in response to this Request, defendant AIU may instead stipulate to the fact AIG Property was the claims

administrator for both AIG Specialty and AIU during the relevant timeframe. Motion to Compel is GRANTED in part.

## II. DEPOSITION OF PETER THOMPSON

AIU served a Rule 30(b)(6) deposition notice on Thompson on February 5, 2016, and an amended notice on February 17, 2016, listing thirty five topics of examination. Thompson has only one remaining employee, Peter Thompson, who was produced for deposition. But plaintiff terminated that deposition, arguing that AIU was seeking impermissible "contention" questions that were outside the scope of Mr. Thompson's knowledge, called for information protected by the attorney client privilege or work product doctrine, and/or could only be answered by plaintiff's counsel. Plaintiff argues that all relevant facts about this coverage case have been disclosed in the underlying litigations and plaintiff is concerned that AIU will attempt to use Mr. Thompson's limited knowledge of information known only to his counsel for its tactical gain on motions in limine, etc. Plaintiff moves for a protective order either quashing the deposition subpoena and/or limiting the topics to which Mr. Thompson will have to respond.

AIU responds that Thompson is required to present a deponent who can answer relevant Rule 30(b)(6) questions, even if there is no one currently at the company who has knowledge on those topics. AIU also argues that Thompson is obligated to testify as to the identified topics, unless plaintiff wants to designate its attorney to testify.

Mr. Thompson, as the sole remaining employee of plaintiff, is an appropriate Rule 30(b)(6) deponent. That said, his information may be limited. To the extent that a question calls for information protected by the attorney client privilege, the witness need not respond. Regarding the topics of notice to AIU of the SoCal action and plaintiff's bad faith allegations, as I understand it, plaintiff has provided its attorney's communications with AIU and other AIG-related entities (and has agreed to stipulate to authenticity and, presumably, admissibility at least with respect to some of those documents) to AIU. That Mr. Thompson may not have knowledge about those communications is not surprising, and will not be held against plaintiff at trial, unless AIU shows that a particular failure to answer a specific question unfairly prejudiced AIU's defense.

More generally, the deposition topics – while relevant – are overly broad and largely

1 duplicative of the documents already provided. As discussed in our prior Case Management
2 Conferences, the facts regarding the underlying litigation were adduced in the underlying
3 litigations and are available to AIU. The facts regarding notice and the bad faith are largely
4 contained in AIU's own files (or those of AIG related entities). But if AIU wants to spend its time
5 asking Thompson about these topics, it is entitled to do so within reasonable bounds.

Therefore, I will briefly discuss the deposition topics objected to by plaintiff.

<u>Topics 2-5, 26-28, 30</u>: As plaintiff points out, these topics ask about plaintiff's communications with AIU and related entities about insurance coverage and tender, and were likely made by plaintiff's attorneys. To the extent Mr. Thompson has any knowledge about these matters that was not obtained from his attorneys, he may testify to that.

<u>Topics 6-7, 17-22, 25, 32, and 33</u>: Plaintiff argues that these topics seek testimony that would require a legal assessment (*e.g.*, facts supporting plaintiff's contention at the SoCal action included claims for property damage), and are therefore inappropriate topics for a Rule 30(b)(6) deposition. While I question the efficiency of AIU seeking this information in a deposition, as opposed to interrogatories, I will not preclude AIU from doing so. However, if Mr. Thompson has no information independent of that provided by his attorneys, he may refuse to answer questions that would invade his attorney client privilege. Any failure by Mr. Thompson to provide answers to questions that call for a legal conclusion and/or information protected by the attorney client privilege will not be held against plaintiff at trial, unless AIU shows that a particular failure to answer a specific question unfairly prejudiced AIU's defense.

**IT IS SO ORDERED**.

Dated: March 8, 2016

WILLIAM H. ORRICK
United States District Judge

4